UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                                       2:08-cr-93-FtM-29SPC

WILLIAM C. SILVER

_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion to Vacate or Set Aside His Convictions Under 18 U.S.C. § 1346 (Doc. #51) filed on June 13, 2011. Defendant asserts that his convictions must be vacated in light of Skilling v. United States, 130 S. Ct. 2896, 177 L. Ed. 2d 619 (2010). Because defendant is incorrect, the motion will be denied.

In Skilling, the Supreme Court held that, properly interpreted, the honest-services provisions of 18 U.S.C. § 1346 criminalizes only conduct involving bribes and kickbacks. Id. at 2931. Skilling was charged with a conspiracy which had three objects – honest services wire fraud, money-or-property wire fraud, and securities fraud. Because only a general verdict was used, i.e., the jury simply found defendant guilty without specifying which object, the Supreme Court found the conviction was "flawed." Id. at 2934 (citing Yates v. United States, 354 U.S. 298, 77 S. Ct. 1064, 1 L. Ed. 2d 1356 (1957)(finding that constitutional error occurs when a jury is instructed on alternative theories of guilt and returns a general verdict that may rest on a legally invalid

theory)).  This "flaw" did not necessarily require reversal of the conviction because it could have been harmless error.  Id. at 2934.  That issue was left for resolution on remand.

In this case, defendant Silver was not charged with or convicted of any offenses involving either § 1346 or honest services fraud.  The Indictment (Doc. #1) charged defendant with five counts of mail fraud under 18 U.S.C. § 1341 for a scheme to defraud involving money and property, not honest services.  Counts Six through Twenty-Two charged defendant with structuring monetary transactions, in violation of 31 U.S. C. § 5324(a)(3).  Defendant did not go to trial, but pled guilty to these counts pursuant to a written Plea Agreement (Doc. #29).  Nothing in Skilling impacts defendant's case.

It plainly appears from defendant's motion and from the record of the prior proceedings that defendant is not entitled to relief.  Therefore, the motion will be dismissed pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Accordingly, it is now

**ORDERED**:

1.  Defendant's Motion to Vacate or Set Aside His Convictions Under 18 U.S.C.  1346 (Doc. #51) is **DISMISSED.**

2.   The Clerk of the Court shall provide a copy of this Opinion and Order to counsel of record and defendant.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.** A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004)(quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)(quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). To the extent applicable, the Court finds that the requisite grounds do not exist in this case.

**DONE AND ORDERED** at Fort Myers, Florida, this __15th__ day of June, 2011.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record
William C. Silver